**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Charles B. Cummins, Esq. (354861)
charles.cummins@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
(805) 994-0177

Jeffrey B. Sand – (admitted pro hac vice)
**WEINER & SAND LLC**
6065 Roswell Road
Suite 700-121
Sandy Springs, GA 30328
Telephone: (404) 254-0842
Facsimile: (866) 800-1482
aw@wsjustice.com
js@wsjustice.com

Attorneys for Plaintiff Quinn Carlington

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**QUINN CARLINGTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

**Plaintiff,**

**v.**

**CERTIFIED EMPLOYMENT SCREENING d/b/a AMERICHEK, INC.**

**Defendant.**

**CIVIL ACTION NO. 8:26-CV-00708-JWH-KES**

**AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

**DEMAND FOR JURY TRIAL**

1. Plaintiff Quinn Carlington, individually and on behalf of all others similarly situated, brings this action against Defendant Certified Employment Screening d/b/a Americhek, Inc. ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. This is a consumer class action based upon Defendant's willful violation of the FCRA. Plaintiff brings this action on behalf of hundreds, if not thousands, of employment and other applicants throughout the country who have been the subject of unfair, prejudicial, misleading and illegal background reports performed by Defendant and sold to its customers, including employers and others. Defendant has adopted and maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting outdated adverse public record information that is required to be excluded from the consumer reports that it sells.

3. Defendant's practice harms consumers seeking employment by prejudicing their employers and prospective employers with outdated, adverse information, and also harms interstate commerce as a whole.

4. The prejudice caused by the erroneous reporting of outdated adverse public record information is exacerbated by Defendant's failure to notify the consumer contemporaneously of the fact that the erroneous outdated information is being sent to an employer or prospective employer.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events that give rise to the claim occurred in this district and division.

///

///

## PARTIES

7. Plaintiff is an adult individual residing in Georgia.

8. At all times relevant hereto, Plaintiff has been a "consumer" as defined by section 1681a(c) of the FCRA.

9. Defendant is a California corporation that conducts business throughout the United States, including in the Central District of California.

10. At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

11. Defendant is a person which, for monetary fees, regularly engages in whole or in part in the practice of assembling or evaluating information on consumers for the purpose of furnishing consumer reports to third parties.

12. Defendant uses interstate commerce for the purpose of preparing or furnishing consumer reports.

13. Defendant sells consumer reports in many states, including California, and produces consumer reports on California residents.

14. Defendant investigates and reviews criminal record databases and maintains consumer files which contain criminal record information on individuals.

15. Defendant assembles and sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various employees and job applicants.

## FACTUAL ALLEGATIONS

16. The FCRA regulates, among other things, the collection, maintenance, and disclosure of consumer reports by CRAs, including public record information.

17. When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required to exclude adverse items of information, including records of arrest, which antedate the consumer report by more than seven years. *See* 15 U.S.C. § 1681c(a)(5).

18. Adverse items of information, such as records of arrest which antedate the consumer report by more than seven years, may be included in a consumer report, but only for consumer reports used in connection with the employment of any individual at an annual salary which equals, or which may be reasonably expected to equal $75,000, or more. *See* 15 U.S.C. § 1681c(b)(3).

19. Despite these clear and unambiguous requirements of the FCRA, Defendant sells adverse items of information, including records of arrest, which predate the consumer report by more than seven years, before Defendant knows or would have any reason to know that the consumer credit report is being used in connection with the employment of an individual who meets the FCRA salary threshold requirement of an annual salary of $75,000 or more.

20. Defendant is aware of its obligation to exclude from consumer reports non-conviction criminal record information that antedates the consumer report by more than seven years.

21. Despite being well aware its legal obligations, based on a common policy and practice, Defendant regularly and unlawfully reports outdated criminal records.

22. Defendant's practice not only violates the FCRA as a matter of law, it also exacts serious consequences on consumer job applicants and interstate commerce. When consumers have been reported as having criminal records that are required by law not to be reported, they are viewed as less desirable job applicants and more likely not to be hired or continue to be employed by the employers who pay Defendant for such reports.

23. Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late to correct the contents of the report

because it has already been sold to the employer by Defendant and has formed the basis of a decision to hire the applicant.

24. Despite its duties to refrain from reporting outdated adverse information, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards this duty, in violation of the FCRA.

Facts Specific to Mr. Carlington

25. In about October 2025, the Cherokee Tribal Gaming Commission ("CGTC") purchased a consumer report on Mr. Carlington from Defendant.

26. CGTC purchased the consumer report as part of an evaluation of Mr. Carlington for employment purposes, for a job with an annual salary which was less than $75,000.

27. Defendant furnished the consumer report to CGTC in October 2025.

28. The consumer report that Defendant furnished to CGTC was a written communication of information bearing on Mr. Carlington's character and general reputation that was used or expected to be used or collected in whole or in part for the purpose of serving as a factor for establishing Mr. Carlington's eligibility for employment purposes.

29. The consumer report that Defendant furnished to CGTC contained public record information likely to have an adverse effect on Mr. Carlington's ability to obtain employment.

30. The consumer report that Defendant furnished to CGTC contained several adverse items of criminal record information that antedated the report by more than seven years, and that did not consist of conviction-related information.

31. For example, Defendant reported the following:

CHRG: OBSTRUCTION OF OFFICERS MISD INVESTIGATIVE CHARGES

OFFENSE TYPE: MISDEMEANOR
OFFENSE:11/23/2003 CHARGED:03/15/2004
FILED:03/15/2004 DISPOSED:03/15/2004

CHRG: CRIMINAL TRESPASS -/MISD/- INVESTIGATIVE CHARGES
OFFENSE TYPE: MISDEMEANOR
OFFENSE:11/23/2003 CHARGED:03/15/2004
FILED:03/15/2004 DISPOSED:03/15/2004

CHRG: PURCH,FUR,SALE OF AL TO U/A P INVESTIGATIVE CHARGES
OFFENSE TYPE: MISDEMEANOR
OFFENSE:11/23/2003 CHARGED:03/15/2004
FILED:03/15/2004 DISPOSED:03/15/2004

CHRG: CRIMINAL TRESPASS -/MISD/- NOLLE PROSSE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:11/23/2003 CHARGED:03/15/2004
FILED:03/15/2004 DISPOSED:05/16/2007

CHRG: OBSTRUCTION OF OFFICERS MISD NOLLE PROSSE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:11/23/2003 CHARGED:03/15/2004
FILED:03/15/2004 DISPOSED:05/16/2007

CHRG: PURCH,FUR,SALE OF AL TO U/A P NOLLE PROSSE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:11/23/2003 CHARGED:03/15/2004
FILED:03/15/2004 DISPOSED:05/16/2007

*******

CHRG: BATTERY-MISD INVESTIGATIVE CHARGES
OFFENSE TYPE: MISDEMEANOR
OFFENSE:06/08/2004 CHARGED:08/27/2004
FILED:08/27/2004 DISPOSED:08/27/2004

CHRG: BATTERY-MISD (STATUTE: 16-5-23.1) DISPOSITION UNAVAILABLE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:06/08/2004 CHARGED:08/27/2004 FILED:08/27/2004

CHRG: BATTERY-MISD (STATUTE: 16-5-23.1) DISPOSITION UNAVAILABLE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:06/08/2004 CHARGED:08/27/2004 FILED:08/27/2004

CHRG: SIMPLE BATTERY (STATUTE: 16-5-23) DISPOSITION UNAVAILABLE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:06/08/2004 CHARGED:08/27/2004 FILED:08/27/2004

CHRG: SIMPLE BATTERY (STATUTE: 16-5-23) DISPOSITION UNAVAILABLE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:06/08/2004 CHARGED:08/27 /2004 FILED:08/27 /2004

CHRG: DISORDERLY CONDUCT -/M ISD/- (STATUTE: 16-11 -39) DISPOSITION UNAVAILABLE
OFFENSE TYPE: MISDEMEANOR
OFFENSE:06/08/2004 CHARGED:08/27 /2004 FILED:08/27/2004

32. These charges consisted of adverse information.

33. Mr. Carlington had not been convicted of these charges.

34. These charges antedated Mr. Carlington's consumer report by more than seven years.

35. These charges should not have been reported in Mr. Carlington's consumer report.

36. Defendant knew that the charges antedated the report by more than seven years based on the information on face of the consumer report.

37. For example, the consumer report shows that some of the charges have a disposition of "nolle prosequi." A "nolle prosequi" disposition means that Mr. Carlington was not prosecuted, and was not convicted.

38. The harm suffered by Mr. Carlington as a result of Defendant's actions was particularized and concrete as he was unable to start his job as a result of Defendant's conduct.

39. Congress has long provided in the FCRA for the rights of plaintiffs to be free from the reporting of inaccurate information about them. Such inaccurate and defamatory reporting, as performed by Defendant in this case, is also grounded in the common law tort of libel and invasion of privacy. Defendant published and sold information labeling Mr. Carlington as having misdemeanor charges when those charges had long since been dismissed.

40. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth in the FCRA, and further assumed an unjustifiably high risk of harm.

41. Mr. Carlington has had other consumer reports run on him, including a report by Checkr in April 2024. That consumer report contained none of the obsolete criminal record information detailed in this Complaint.

## CLASS ALLEGATIONS

42. Plaintiff brings this action individually and pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All natural persons residing within the United States and its Territories (i) beginning five (5) years prior to the filing of this Complaint and continuing through the conclusion of this

action, (ii) about whom Defendant furnished a consumer report, (iii) whose consumer report contained any non-conviction criminal record which antedated the report by more than seven years.

43. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

44. Courts have certified similar Section 1681c(a) classes. *See, e.g.*, *Wentworth v. Metrodata Servs., Inc.*, No. 1:17-CV-594, 2020 WL 13527954, at *2 (W.D.N.Y. Nov. 9, 2020) (granting class certification on Section 1681c(a) class); *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 WL 3999458, at *6 (N.D. Cal. July 26, 2016) (same).

45. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of all is impractical. Upon information and belief, the number of job applicants and employees harmed by Defendant's practices is more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

46. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individuals. The common legal and factual questions include, among others, whether Defendant willfully violated Section 1681c(a) by reporting criminal record information other than records of convictions that antedated the consumer report by more than seven years.

47. **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class Member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

48. **Adequacy**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

**Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681c(a))

49. Plaintiff realleges Paragraph Nos. 1-41 as if fully set forth herein.

50. The FCRA prohibits CRAs from reporting adverse information, other than records of convictions of crimes, that antedate the consumer report by more than seven years. 15 U.S.C. § 1681c(a).

51. Defendant violated Section 1681c(a) by reporting non-conviction criminal record information about Plaintiff and similarly situated individuals that antedated the report by more than seven years.

52. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

53. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

54. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff and similarly situated individuals of their rights under the FCRA.

55. Defendant's violation of 15 U.S.C. § 1681c was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.

56. Additionally, Plaintiff and similarly situated individuals are entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. Actual, statutory and punitive damages to be determined by the jury;

c. Attorneys' fees;

d. Costs of the action;

e. Such other relief as the Court deems just and proper.

Dated: May 14, 2026

Respectfully submitted,

**LOKER LAW, APC**

By: ___/s/ Matthew M. Loker__

MATTHEW M. LOKER, ESQ.

ATTORNEY FOR PLAINTIFF